6 Cal.App.3d 241 (1970)
85 Cal. Rptr. 775
In re S.A., a Person Coming Under the Juvenile Court Law.
S.A., Plaintiff and Appellant,
v.
JAMES D. CALLAHAN, as Chief Probation Officer, etc., Defendant and Respondent.
Docket No. 26496.
Court of Appeals of California, First District, Division One.
April 1, 1970.
*242 COUNSEL
Jack H. Lipian and Frederick D. Gottfried for Plaintiff and Appellant.
Thomas C. Lynch, Attorney General, Robert R. Granucci and William D. Stein, Deputy Attorneys General, for Defendant and Respondent.
*243 OPINION
ELKINGTON, J.
Appellant S.A. is a minor, now 19 years of age. From three petitions, contemporaneously filed by her in the juvenile court, the following appears. On three occasions, the first on May 24, 1965, she was adjudged by that court to have come under the provisions of Welfare and Institutions Code section 601. The conduct which formed the basis of the adjudications was, consecutively, staying away from home overnight, truancy and battery, and possession of narcotics. She alleged that probation granted by court has now terminated and that she "is not serving a sentence for any offense, nor is under charge of commission of any crime, and has since said termination of said probation, lived an honest and upright life, and has conformed to and obeyed the laws of the land." Each of her petitions prayed "that the finding of guilt be set aside, and that a plea of not guilty be entered, and that the court dismiss this action pursuant to section 1203.4 of the Penal Code." The requested relief being denied, she appeals from the order denying each of the three petitions.
(1) Her contention is that the provisions of Penal Code section 1203.4 relating to the release from penalties and disabilities of one convicted of crime should apply to her case.[1] The supporting argument is that one convicted of crime may promptly upon completion of probation apply for release from the penalties and disabilities of his offense, while she, a lesser noncriminal offender, now released from probation, must under Welfare and Institutions Code section 781, wait until she reaches the age of 21 before she may apply for substantially similar relief.[2] This result, *244 she insists, is unreasonable and unfair, inconsistent with due process (see In re Gault, 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428]), and a "denial to a minor of a constitutional right of the guaranty afforded by law to an adult." (See In re Contreras, 109 Cal. App.2d 787, 789-790 [241 P.2d 631].) She points out, as further illustration and support of her contention, that had her offenses been deemed more aggravated, bringing about her commitment to the California Youth Authority, then upon "honorable discharge" from its control she, under Welfare and Institutions Code section 1772, would automatically be released from "all penalties and disabilities resulting from the offense or crime for which [she] was commited."[3]
*245 We find the contention to be without merit.
Penal Code section 1203.4 relates to persons who have been convicted of crime. Appellant has not been convicted of a crime; she was adjudged to be a ward of the juvenile court. "An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding." (Welf. & Inst. Code, § 503). Any application of Penal Code section 1203.4 to her juvenile court proceedings would clearly be violative of the express terms of that statute and contrary to legislative intent.
(2) Nor do we observe any constitutional infirmity in Welfare and Institutions Code section 781.
The Juvenile Court Act (Welf & Inst. Code, §§ 500-945), the Youth Authority Act (Welf. & Inst. Code, §§ 1700-1835), and the Penal Code, serve three separate and distinct legislative purposes.
The purpose of the Juvenile Court Act is set out in Welfare and Institutions Code section 502 in this manner: "The purpose of this chapter is to secure for each minor under the jurisdiction of the juvenile court such care and guidance, preferably in his own home, as will serve the spiritual, emotional, mental, and physical welfare of the minor and the best interests of the State; to preserve and strengthen the minor's family ties whenever possible, removing him from the custody of his parents only when his welfare or safety and protection of the public cannot be adequately safeguarded without removal; and, when the minor is removed from his own family, to secure for him custody, care, and discipline as nearly as possible equivalent to that which should have been given by his parents. This chapter shall be liberally construed to carry out these purposes."
The Youth Authority Act sets forth its purpose in Welfare and Institutions Code section 1700 as follows: "The purpose of this chapter is to protect society more effectively by substituting for retributive punishment methods of training and treatment directed toward the correction and rehabilitation of young persons found guilty of public offenses. To this end it is the intent of the Legislature that the chapter be liberally interpreted in conformity with its declared purpose." (Italics added.)
And, of course, the Penal Code relates generally to the criminal law and criminal procedure of this state.
The legislative classification brought about by the three statutes we *246 have discussed is clearly based upon some difference in the classes having a substantial relation to a legitimate object to be accomplished. "The equality guaranteed by the equal protection clause is equality under the same conditions, and among persons similarly situated. The Legislature may make a reasonable classification of persons and businesses and other activities and pass special legislation applying to certain classes. The classification must not be arbitrary, but must be based upon some difference in the classes having a substantial relation to a legitimate object to be accomplished." (3 Witkin, Summary of Cal. Law (7th ed. 1960), p. 1934, and see authorities there cited.) There is a presumption in favor of a classification based on legislative experience, and it will not be rejected unless plainly arbitrary. (Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, 209-210 [79 L.Ed. 281, 288-289, 55 S.Ct. 187].) Clearly Welfare and Institutions Code section 781 does not deny to appellant, or juvenile court wards generally, the equality guaranteed by the equal protection clause.
(3) Nor do we see, in the problem presented to us, any fundamental unfairness or other conceivable violation of the due process clause of the Constitution. Welfare and Institutions Code section 827 provides that juvenile court records are closed to inspection except as to "court personnel, the minor who is the subject of the proceeding, his parents or guardian, and the attorneys for such parties, and such other persons as may be designated by court order of the judge of the juvenile court upon filing a petition therefor." The criticized section 781 (quoted in full, ante, fn. 2) sets up a procedure under which the minor may upon reaching age 21 and in some cases sooner, petition the juvenile court for the sealing of all records relating to his case. Upon a proper showing it then becomes the duty of the court to "order sealed all records, papers, and exhibits in such person's case in the custody of the juvenile court, including the juvenile court record, minute book entries, and entries on dockets, and other records relating to the case in the custody of such other agencies and officials as are named in the order. Thereafter the proceedings in such case shall be deemed never to have occurred, and such person may properly reply accordingly to any inquiry about the events, records of which are ordered sealed." These statutes disclose a deep legislative concern for the welfare of the minor. They extend to him a greater degree of protection from future prejudice resulting from his "record" than do the previously quoted corresponding provisions of the Youth Authority Act and Penal Code section 1203.4. Any contention that the Juvenile *247 Court Act in this area operates unfairly on the juvenile, thus denying him due process, is without basis in reason.
The order is affirmed.
Molinari, P.J., and Sims, J., concurred.
NOTES
[1] Penal Code section 1203.4 provides: "Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, shall at any time thereafter be permitted by the court to withdraw his plea of guilty or plea of nolo contendere and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right and privilege in his probation papers. The probationer may make such application and change of plea in person or by attorney, or by the probation officer authorized in writing; provided, that in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. [¶] Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess or have in his custody or control any firearm capable of being concealed upon the person or prevent his conviction under Section 12021."
[2] Welfare and Institutions Code section 781 provides: "In any case in which a petition has been filed with a juvenile court to commence proceedings to adjudge such person a dependent child or ward of the court or in any case in which a person is cited to appear before a probation officer or is taken before a probation officer pursuant to Section 626, or in any case in which a minor is taken before any officer of a law enforcement agency, such person or county probation officer, may, five years or more after the jurisdiction of the juvenile court has terminated as to such person or, in a case in which no petition is filed, five years or more after such person was cited to appear before a probation officer or was taken before a probation officer pursuant to Section 626, or was taken before any officer of a law enforcement agency, or, in any case, at any time after such person has reached the age of 21 years, petition the court for sealing of the records, including records of arrest, relating to such person's case, in the custody of the juvenile court and probation officer and such other agencies, including law enforcement agencies, and public officials, as petitioner alleges, in his petition, to have custody of such records. The court shall notify the district attorney of the county and the county probation officer, if he is not the petitioner of the petition, and such district attorney or probation officer or any of their deputies or any other person having relevant evidence may testify at the hearing on the petition. If, after hearing, the court finds that since such termination of jurisdiction or action pursuant to Section 626, as the case may be, he has not been convicted of a felony or of any misdemeanor involving moral turpitude and that rehabilitation has been attained to the satisfaction of the court, it shall order sealed all records, papers, and exhibits in such person's case in the custody of the juvenile court, including the juvenile court record, minute book entries, and entries on dockets, and other records relating to the case in the custody of such other agencies and officials as are named in the order. Thereafter the proceedings in such case shall be deemed never to have occurred, and such person may properly reply accordingly to any inquiry about the events, records of which are ordered sealed. The court shall send a copy of the order to each agency and official named therein, and each such agency and official shall seal records in its custody as directed by the order, shall advise the court of its compliance, and thereupon shall seal the copy of the court's order for sealing of records that it or he received. The person who is the subject of records sealed pursuant to this section may petition the superior court to permit inspection of the records by persons named in the petition, and the superior court may so order. Otherwise such records shall not be open to inspection."
[3] Welfare and Institutions Code section 1772 provides: "Every person honorably discharged from control by the authority who has not, during the period of control by the authority, been placed by the authority in a state prison shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he was committed, and every person discharged may petition the court which committed him, and the court may upon such petition set aside the verdict of guilty and dismiss the accusation or information against the petitioner who shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he was committed. [¶] Every person discharged from control by the authority shall be informed of this privilege in writing at the time of discharge. [¶] `Honorably discharged' as used in this section means and includes every person whose discharge is based upon a good record on parole."