■ In the Matter of ARTHUR M., A Person Alleged to be a Juvenile Delinquent, Appellant.— Order of the Family Court entered September 4, 1969 adjudging appellant to be a juvenile delinquent reversed, on the law, without costs and without disbursements, and the petition dismissed. The order of adjudication was based upon a finding that appellant had committed acts which if done by an adult would have constituted the crimes of burglary and arson. Since the sole evidence connecting appellant with the acts of arson and burglary consisted of testimony by an accomplice to those acts, the delinquency adjudication, as the Corporation Counsel forthrightly concedes, may not be sustained. To deny to appellant the safeguard of section 399 of the Code of Criminal Procedure that accomplice testimony be supported by independent proof linking the accused to the crime, would be to deprive the juvenile of fair treatment and equal protection of the law. The testimony of an accomplice does not become more reliable because the accused is a juvenile rather than an adult. In fact, the necessity for supporting evidence is even more essential in view of the nature of the juvenile proceedings. Tried informally without a jury, the finding that appellant committed arson will prejudice him for a lifetime. Upon a hearing on a charge of juvenile delinquency there must be a full compliance with due process requirements. (*People* v. *Fitzgerald,* 244 N. Y. 307; *Matter of Steven B.,* 30 A D 2d 442; *Matter of Lang,* 60 Misc 2d 155.) The Corporation Counsel, while acknowledging that the absence of corroborative evidence would seem to require that the petition be dismissed, argues that otherwise the evidence established the acts charged " by a preponderance of the evidence." This assertion was made prior to counsel having seen the opinion of the United States Supreme Court in the *Matter of Samuel Winship,* (397 U. S. 358, revg. 24 N Y 2d 196). The Supreme Court holds in *Winship* that subdivision (b) of section 744 of the Family Court Act of this State* is unconstitutional and that a finding of guilt in a delinquency proceeding must rest upon proof beyond a reasonable doubt. " In sum," Justice BRENNAN for the court declared, " the constitutional safeguard of proof beyond a reasonable doubt is as much required during the adjudicatory stage of a delinquency proceeding as are those constitutional safeguards applied in *Gault* — notice of charges, right to counsel, the rights of confrontation and examination, and the privilege against self-incrimination. We therefore hold, in agreement with Chief Judge Fuld in dissent in the Court of Appeals, ' that where a 12-year-old child is charged with an act of stealing which renders him liable to confinement for as long as six years, then, as a matter of due process * * * the case against him must be proved beyond a reasonable doubt.'" Reviewing the adjudication of juvenile delinquency in the light of the law as it presently exists (*People* v. *Loria,* 10 N Y 2d 368, 371), the order is reversed and the petition dismissed. Concur — Eager, J. P., McGivern, Nunez and Tilzer, JJ.; Steuer, J., concurs in the result in the following memorandum: I am constrained to concur solely on the ground that the findings of the Family Court Judge were made on the basis of preponderance of evidence instead of beyond a reasonable doubt. While it can well be recognized that the distinction between the two grades of testimony, being incapable of scientific measurement, in all likelihood never occurred to

---

* " Any determination at the conclusion of an adjudicatory hearing that a respondent did an act or acts must be based on a preponderance of the evidence."

the nisi prius Judge, we are precluded by the record. The record in this instance is a printed form sheet in which the boilerplate is set out in the words of the statute, and a review of the hearing record gives every reason to believe that if the printed form had said " beyond a reasonable doubt " instead of " by a preponderance of the evidence " it would have been so found. While a court looks to practicalities rather than forms in determining whether an alleged delinquent should be subjected to disciplinary supervision, it is, apparently, enjoined to do just the reverse if it is possible to deny the community and the alleged delinquent the benefit of such treatment. On the other aspects of the majority opinion I cannot agree. We understand that no program for the treatment of juvenile offenders · which involves curtailment of liberty can be enforced if the finding of delinquency is made on process which contravenes a constitutional right. A degree of proof establishing the facts beyond a reasonable doubt has been held to be a constitutional right (*Matter of Samuel Winship,* 397 U. S. 358, revg. 24 N Y 2d 196). That is not to say that giving the benefit of every evidentiary rule is a requirement of due process, with the consequence that a statute excising such a rule is unconstitutional. In the instant case the rule in question limiting the effect of accomplice testimony is obviously not an essential of due process as is shown by the fact that it is not the rule in the United States courts and in the vast majority of States (7 Wigmore, Evidence, § 2056). Here the rule is proposed to be eliminated in the Criminal Procedure Law now before the Governor (see proposed § 300.20). The argument that alleged delinquents are deprived of the equal protection of the law if this or other procedural provisions are not applied is not worth serious consideration. If the difference between a juvenile charged with delinquency and a mature person charged with crime is not a valid distinction allowing different procedures, it would be hard to imagine what is. The facile argument that if the alleged delinquent were one year older he would have the advantage of the rule and therefore should have it now is as lacking in merit as a contention that a defendant one day over the statutory limit should have the benefit of youthful offender treatment because if he had committed the crime on the previous day he would have.