In the Matter of ERIC R. (ANONYMOUS), a Person Alleged to be a Juvenile Delinquent, Appellant. LEROY PLOSKITT, Respondent.

Second Department, June 29, 1970.

*Charles Schinitsky, Law Guardian (Rena K. Uviller* of counsel), for appellant.

*J. Lee Rankin, Corporation Counsel (Jesse J. Fine* and *Stanley Buchsbaum* of counsel), for respondent.

*Per Curiam.* This appeal is from an order of the Family Court which adjudged the appellant a juvenile delinquent and placed him on probation for two years. The appellant was charged with committing an act which, if committed by an adult, would have constituted the crime of rape in the first degree in violation of section 130.35 of the Penal Law. He was adjudicated a juvenile delinquent on the uncorroborated testimony of the adult complainant. On this appeal it is argued that the refusal to extend the requirement of corroboration to juvenile proceedings deprived the appellant of both due process and the equal protection of the law (*Matter of Gault,* 387 U. S. 1).

No person may be convicted of rape in the first degree solely upon the uncorroborated testimony of the complainant (Penal Law, § 130.15). The requirement has its origin in the fact that " crimes of this nature are easily charged and very difficult to disprove, in view of the instinctive horror with which mankind regards them " (*People* v. *Friedman,* 139 App. Div. 795, 796). Although an adjudication of juvenile delinquency is not a conviction, " the proceedings * * * ' resulting as they do in a loss of personal freedom, are at the very least quasi-criminal

in nature.' (*Matter of Gregory W.*, 19 N Y 2d 55, 62. See, also, *Matter of Gault*, 387 U. S. 1; *Matter of Whittington*, 391 U. S. 341.) Consequently \* \* \* there must be full compliance with due process requirements '' (*Matter of Aaron D.*, 30 A D 2d 183, 184).

The appellant does not argue here that the requirement of corroboration is necessarily mandated by the due process clause or that the Legislature could not, if it so chose, abolish the requirement altogether. However, the policy embodied in section 130.15 of the Penal Law is not a mere rule of evidence, but a settled legislative declaration that such uncorroborated testimony is inherently untrustworthy and that, without more, the punitive power of the State should not be employed to deprive a citizen of his life, his liberty or his property. Certainly the reliability of the complainant's testimony is not enhanced solely because the subject of the accusation is an infant.

Accordingly, the appellant should have had the benefit of section 130.15 of the Penal Law (cf. *Matter of Steven B.*, 30 A D 2d 442). There is no basis for declining to extend that policy to infants only because they are infants. *Matter of Gault* (*supra*) and its progeny indicate that such a distinction based solely upon age, without other justification, denies both due process and the equal protection of the law. It follows that the order should be reversed, on the law and the facts, and the petition dismissed.

MARTUSCELLO, Acting P. J., LATHAM, KLEINFELD, BRENNAN and BENJAMIN, JJ., concur.

Order reversed, on the law and the facts, and petition dismissed.