**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Huey HONORE, Defendant-Appellant.**

No. 71-1236.

United States Court of Appeals, Ninth Circuit.

Sept. 2, 1971.

Certiorari Denied Jan. 17, 1972. See 92 S.Ct. 728.

**32**

David Rothman (argued), Los Angeles, Cal., for defendant-appellant.

John W. Hornbeck, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH and CARTER, Circuit Judges, and COPPLE, District Judge *.

COPPLE, District Judge:

Appellant was convicted of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d). The Government's evidence established him as the "wheelman."

The issues raised on appeal as stated by appellant are as follows:

1. The trial court should have granted appellant's motion to suppress evidence as the property seized was not described in the warrant and there was no probable cause to do so.

2. The court committed error by admitting Exhibit 6 into evidence and appellant was prejudiced thereby.

3. The court committed error by misstating the evidence relating to Exhibit 6 and misstating a novel instruction.

4. The accomplice testimony could not support the conviction without corroboration.

5. The prosecutor exceeded the limits of permissible comment and misstated the evidence and appellant was prejudiced thereby.

Applicable evidence will be stated as necessary in connection with the discussion of each issue.

## 1. FAILURE TO SUPPRESS EVIDENCE

 Police officers secured a search warrant based upon a lengthy affidavit which this Court finds contained more than enough factual data, information and personal knowledge to justify its issuance by the Magistrate. The warrant, after describing the premises to be searched and various specific items of allegedly stolen property, concluded

---

* The Honorable William P. Copple, United States District Judge for the District of Arizona, sitting by designation.

with this phrase which appellant contends is overly broad:

"and articles personal property tending to establish the identify [sic] of the persons in control of the premises, storage areas or containers where the above-listed property are located, consisting in part of and including but not limited to utility company receipts, rent receipts, cancelled mail envelopes, and keys."

The words therein "tending to establish the identity of the persons in control of the premises" sufficiently identify and limit the items to be seized. Compare the language used in this warrant with that used in the warrant in Stanley v. Georgia, 394 U.S. 557, 570, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969) (concurring opinion). The warrant being sufficiently particularized as to the place to be searched and the items to be seized, the search was proper. Appellant also complains of the fact that prior to securing the search warrant in question, the officer involved had observed certain of the allegedly stolen items specified in the warrant through an uncurtained window from a *public* stairway where they were in plain view inside the residence later searched. This view was not an illegal search and in no way tainted the actual search or the warrant.

■ During the search pursuant to the warrant the officer came across a carbine (Exhibit 6 in evidence at trial) wrapped in a towel with a pair of license plates. Having prior knowledge from the FBI that one of the occupants of the premises searched was suspected of armed bank robbery, the officers seized the weapon and license plates even though they were not specified in the warrant and were not related to the crime which underlay the search warrant.

■ While it is the general rule, as contended by appellant, that in searches made pursuant to warrants only the specifically enumerated items may be seized, Stanford v. State of Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1964), there are nonetheless judicial exceptions. One such is that articles which are discovered by officers incident to a valid search and which can be considered a means or instrumentality of a separate crime may be seized. Gurleski v. United States, 405 F.2d 253, 257–260 (5th Cir. 1968), cert. denied 395 U.S. 981, 89 S.Ct. 2140, 23 L.Ed.2d 769; Porter v. United States, 335 F.2d 602, 606, 607 (9th Cir. 1964), cert. denied 379 U.S. 983, 85 S.Ct. 695, 13 L.Ed.2d 574; Seymour v. United States, 369 F. 2d 825, 826, 827 (10th Cir. 1966); Johnson v. United States, 110 U.S.App.D.C. 351, 293 F.2d 539, 540 (1961), cert. denied 375 U.S. 888, 84 S.Ct. 167, 11 L. Ed.2d 118; *see also* for seizures incident to a lawful arrest, Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947).

## 2. ERROR IN ADMITTING EXHIBIT 6 (CARBINE)

A review of the record shows sufficient evidence to permit this exhibit, the gun seized in the above-described search, to be admitted in evidence. No purpose would be served by describing such evidence other than to unnecessarily lengthen this opinion.

## 3. CLAIMED MISSTATEMENT OF EVIDENCE AND INSTRUCTION COMPLAINED OF

■ The record (R.T. 292) shows that contrary to the statement in appellant's brief, the claimed misstatement of evidence was made outside the presence of the jury.

■ The instruction complained of [1] was reframed by the court at the re-

---

1. "Evidence that a defendant attempted to persuade a witness to testify falsely by threats, intimidation or other means may be considered by you as a circumstance tending to show consciousness of guilt.

"However, such evidence is not sufficient in itself to prove guilt, and its weight and significance, if any, are matters for your determination.

"Ladies and gentlemen, this instruction is given to you in the light of some testimony that the defendant Honore made such a threat. It is not given with respect to the defendant Sawkow, as there

quest of appellant's counsel. The court then asked counsel if he had "any other objections?" and counsel said No. In any event the cautionary instruction given by the court as requested by defense counsel cured the error, if any there was.[2]

### 4. CORROBORATION OF ACCOMPLICE TESTIMONY

■■ Appellant would equate federal practice with California Code Section 1111 requiring corroboration of accomplice testimony before a conviction can be had. A reading of the record shows there was corroborating evidence. In any event the law in this Circuit is settled to the contrary and a defendant may be convicted on the uncorroborated testimony of an accomplice. Quiles v. United States, 344 F.2d 490, 494 (9th Cir. 1965), cert. denied 382 U.S. 992, 86 S.Ct. 571, 15 L.Ed.2d 479, and cases cited therein.

### 5. PROSECUTION ARGUMENT

■ Read in context, and with the entire record in mind, this Court can find nothing improper in the prosecuting attorney's closing arguments. It is also to be noted that no objection in this regard was made by defense counsel during the argument, none at the conclusion of the argument, and none in the post-trial motion for a new trial.

Affirmed.

was no testimony that he did so. So this instruction that I have just given you is to be used only against the defendant Honore."

2. "Secondly, I read you an instruction with respect to evidence which, if believed, would indicate that the defendant Honore had made some threats or intimidations. I read you an instruction. It is thought that perhaps I was instructing you to use the instruction against the defendant Sawkow.

"These instructions are rules of law which I am giving you because there is some evidence for which you may want to use this rule of law which I am giving to you. So I am trying to instruct you on all rules of law which you may need in your deliberations. If I should give you an instruction with respect to a set of facts which you find doesn't exist, you just simply disregard the instruction as being a tool you won't need. That's true with respect to this instruction particularly.

"There has been some evidence that he did and some that he didn't. It is for you to decide. If you decide that he did, then you use this instruction, if you decide he didn't, you simply ignore it.

"By my giving it to you it's not to be construed by you as any indication whatever as to what I think. Whatever I think wouldn't be of any importance to you, anyway. This is a matter for you to decide and you may use the instruction or not as you see fit.

"Are there any other objections?

"MR. HELLER: None other, your Honor.

"MR. HORNBECK: No, your Honor.

"THE COURT: Very well."