[S. F. No. 23389. In Bank. Mar. 9, 1976.]

In re DAMON C., a Person Coming Under the Juvenile Court Law.
JOHN A. DAVIS as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
DAMON C., Defendant and Appellant.

494

**Counsel**

Patrick S. Filter, Jr., under appointment by the Supreme Court, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg, Stan M. Helfman and John H. Sugiyama, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WRIGHT, C. J.**—Damon C. appeals from orders of the juvenile court continuing him as a ward of that court and placing him in the custody of the Youth Authority. Damon contends inter alia that the juvenile court judge was insufficiently informed on application for rehearing after an advisory finding by a referee (see *In re Edgar M.* (1975) 14 Cal.3d 727, 736 [122 Cal.Rptr. 574, 537 P.2d 406]) to reach an independent judgment that charged offenses warranted a finding of the continuing jurisdiction of the juvenile court. (Welf. & Inst. Code, § 602.)[1] We conclude that Damon's contention is meritorious and reverse the orders complained of. We do not reach Damon's other contentions.

Damon had been found to be within the jurisdiction of the juvenile court for offenses unrelated to those charged in the instant proceedings. (§ 602.) While on a one-day leave from the custody imposed in the earlier proceedings, he allegedly forced his way into a woman's automobile, briefly choked her, ordered her to drive to a park and then raped her on a park bench. The victim identified Damon from photographs and his fingerprints were found on the park bench. His defense was alibi. He claimed that his fingerprints dated from a prior visit to the park which was located near his home.

A supplemental petition was filed in the juvenile court alleging that Damon had committed the further offenses of kidnaping and forcible rape. He denied the allegations and, after he was found to be a fit subject to be dealt with under the Juvenile Court Law, a four-day contested jurisdictional hearing (see *Bryan* v. *Superior Court* (1972) 7 Cal.3d 575, 579 [102 Cal.Rptr. 831, 498 P.2d 1079]) ensued before a referee acting without a stipulation of the minor or his counsel that the referee was sitting as a judge pro tem. On April 26, 1974, the referee found the allegations were true and that Damon was subject to the jurisdiction of the court within the meaning of section 602.

---

[1] All section references hereinafter are to the Welfare and Institutions Code unless otherwise indicated.

Damon's counsel filed a timely application for rehearing before a juvenile court judge but failed to comply with the requirement of section 558 that the applicant state the reasons for the requested rehearing.[2] Notwithstanding this procedural defect the juvenile court extended the time for decision to 40 days and ordered the preparation of the transcript of proceedings before the referee.[3] The transcript of all proceedings except the arguments of counsel was timely filed by June 12.[4]

The judge read and considered the portion of the transcript which was then available to him, adopted the referee's findings as those of the court and denied a rehearing on June 14. Several weeks later the judge conducted the dispositional hearing and ordered Damon committed to the Youth Authority. The minor then noticed this appeal.

The determinative issue is whether the judge had sufficient information before him to warrant adoption of the referee's findings as those of the court. ■ A juvenile court referee acting without the parties' consent may perform only "subordinate judicial duties." (Cal. Const., art. VI, § 22.) A juvenile court judge who reviews on application for rehearing a referee's findings must base a decision to adopt those findings on data "sufficient for forming a judgment independent from that of the referee. Under these circumstances the referee's initial findings and orders become only advisory and their rendition constitutes no more than a subordinate judicial duty. [Citation.]" (*In re Edgar M.,*

[2]Section 558 provides: "At any time prior to the expiration of 10 days after service of a written copy of the order and findings of a referee, a minor or his parent or guardian may apply to the juvenile court for a rehearing. Such application may be directed to all or to any specified part of the order or findings, and shall contain a statement of the reasons such rehearing is requested. If all of the proceedings before the referee have been taken down by an official reporter, the judge of the juvenile court may, after reading the transcript of such proceedings, grant or deny such application. If the proceedings before the referee have not been taken down by an official reporter such application shall be granted as of right. . . . However, the court, for good cause, may extend such period [the time to rule on the application] beyond 20 days, but not in any event beyond 45 days, following the date of receipt of the application . . . ." In the case of *In re Edgar M.* (1975) 14 Cal.3d 727 [122 Cal.Rptr. 574, 537 P.2d 406] we construed other portions of section 558 to require that the application be deemed granted if it is not denied within the stated time or extended time to act.

[3]Section 677 provides, in part, that ". . . at any such hearing conducted by a juvenile court referee, the official reporter, as directed by the court, may take down in shorthand all the testimony and *all of the statements and remarks* of the judge and all persons appearing at the hearing; and, if directed by the judge, . . ." shall transcribe the notes. (Italics added.)

[4]The transcript of the arguments of counsel was eventually filed on December 9, 1975, while this appeal was pending.

*supra,* 14 Cal.3d 727, 736.)[5] *Edgar M.* held that the judge must read the transcript of *all* the challenged proceedings and act on the application for rehearing within the time limits of section 558 or that a rehearing would be granted as a matter of right. (*Id.,* at pp. 735-736.)

In the instant case the judge could not have read the transcript of all the proceedings because the arguments were not transcribed until many months later. "If the proceedings *have* been taken down by a reporter but the judge does not in fact read the transcripts and act on the application within the required period, the proceedings should be treated as a practical matter as if they had been unreported." (*Id.,* at p. 737; italics in original.) Section 558 requires that when the proceedings are unreported an application for rehearing must be granted as a matter of right. ██ As a portion of the reported proceedings had not been transcribed when the juvenile court denied the application for rehearing, such denial was error.

The omitted transcript of the arguments of Damon's attorney are an integral part of Damon's right to be represented by counsel at a jurisdictional hearing. (*In re William F.* (1974) 11 Cal.3d 249, 255 [113 Cal.Rptr. 170, 520 P.2d 986]; see *Herring* v. *New York* (1975) 422 U.S. 853 [45 L.Ed.2d 593, 95 S.Ct. 2550]; *In re Winship* (1970) 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068].) Final argument offers the minor's counsel ". . . an opportunity . . . to reconcile the testimony with the juvenile's innocence of the charges and attempt to persuade the court to that view." (*In re William F., supra,* 11 Cal.3d 249, 254.)

The failure of the court to require that counsel for Damon offer reasons for the requested rehearing made it even more important that the transcript of counsel's argument before the referee be included as part of the record for review by the judge as he thereby would have been apprised of the defense theory of the case. The judge thus had 273 pages of transcript to peruse without any indication of Damon's defensive posture. We are compelled to conclude that the judge's failure to be informed from *any* source of counsel's theory of defense or his reconciliation of otherwise incriminating evidence rendered it highly unlikely that the judge could have made an independent judgment on the merits of the defense asserted. The judge accordingly did not have sufficient information before him to warrant the adoption of the referee's finding of the jurisdictional fact. (*In re Edgar M., supra,* 14 Cal.3d 727,

---

[5]*Edgar M.* applies retroactively to "cases in which . . . an appeal has been taken and not yet finally determined," such as this case. (*In re Edgar M., supra,* 14 Cal.3d 727, 739.)

736.) Because the finding was not effectively made by a judge but was made instead by a referee authorized to exercise only "subordinate judicial duties" it is jurisdictionally defective.[6]

Although the judge could have refused to accept the application for a rehearing because it lacked the required statement of reasons, he did in fact accept it and ·purport to deny the application presumably on the ground that it could not be successfully attacked on any basis. It cannot be said on these facts that Damon waived his right to a rehearing. (See *In re Edgar M., supra,* 14 Cal.3d 727, 735-736, fn. 7.)

We are of the view that the proper procedure on application for rehearing pursuant to section 558 requires the preparation of transcripts of all proceedings had before the referee, including transcripts of counsel's arguments, except when waived by the applicant.

The orders denying the application for rehearing and transferring Damon to the custody of the Youth Authority are reversed and the court is directed to enter an order granting the application.

McComb, J., Tobriner, J., Mosk, J., Sullivan, J., Clark, J., and Richardson, J., concurred.

---

[6]A jurisdictional defect is grounds, of course, for extraordinary relief (Pen. Code, §§ 1473, 1487, subd. 1), and on appeal from the defective order or orders requires reversal without a weighing of the prejudice resulting therefrom. (See Witkin, Cal. Criminal Procedure, pp. 733-734.)