[Civ. No. 38748. First Dist., Div. Three. Jan. 11, 1977.]

In re RANDY R., a Person Coming Under the Juvenile Court Law.
JOSEPH J. BOTKA, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
RANDY R., Defendant and Appellant.

**COUNSEL**

Tony Tamburello for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria DeHart, Clifford K. Thompson and Thomas A. Brady, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SCOTT, J.—Randy R., a minor, was found to come within the provisions of Welfare and Institutions Code section 602, in that he had committed violations of Penal Code section 459 (burglary), and Penal Code section 245, subdivision (b) (assault with a deadly weapon upon a peace officer). The minor was committed to the California Youth Authority.

Both jurisdictional and dispositional hearings were held before a juvenile court referee, which were reported and transcribed by a court reporter. Within the time specified in Welfare and Institutions Code section 558, the minor requested a rehearing before a judge, which application was denied. This appeal challenges the standard of review used by the juvenile court judge in denial of the rehearing, and further challenges the propriety of the CYA commitment.

The reason specified by the minor in his application for rehearing was that the referee's decision was not supported by the evidence. The juvenile court judge, in ruling on the application, stated that he had read the transcript of the proceedings; that he viewed his function as that of an appellate court, which was to determine if there was substantial evidence to support the referee's findings; that there was sufficient evidence to support the findings; therefore, the application was denied.

Welfare and Institutions Code section 558 provides in relevant part that "the judge of the juvenile court may, after reading the transcript of such proceedings, grant or deny such application" for rehearing. "A juvenile court judge who reviews on application for rehearing a referee's findings must base a decision to adopt those findings on data 'sufficient for forming a judgment independent from that of the referee. Under these circumstances the referee's initial findings and orders become only advisory and their rendition constitutes no more than a subordinate judicial duty.' " (*In re Damon C.* (1976) 16 Cal.3d 493, 496 [128 Cal.Rptr. 172, 546 P.2d 676]; *In re Edgar M.* (1975) 14 Cal.3d 727, 736 [122 Cal.Rptr. 574, 537 P.2d 406].)

The juvenile court judge here did not view the referee's findings as merely advisory and exercise his independent judgment in sustaining them. The judge must weigh the evidence that was before the referee and make his own determination thereon. The substantial evidence test used

by the judge is a much more limited type of review and would merely require that the court determine whether the referee's findings were supported by substantial evidence in light of the entire record.

We conclude that the juvenile court judge erred in failing to exercise his independent judgment in denying the application for rehearing. "Because the finding was not effectively made by a judge but was made instead by a referee authorized to exercise only 'subordinate judicial duties' it is jurisdictionally defective." (*In re Damon C., supra,* 16 Cal.3d at p. 498.) If the judge reads the full transcript and adopts the referee's findings as his own, section 558 is complied with (see *In re Damon C., supra,* at pp. 496-497; *In re Edgar M., supra*). Here, the transcript appears to indicate some reluctance of the judge to adopt the findings. This doubt should be resolved on remand.

■ Since the filing of the appeal herein, the minor has been released from the CYA and the petition has been "dismissed." Whether the dismissal is actually an order of termination of jurisdiction pursuant to Welfare and Institutions Code section 778, or is a dismissal in "the interests of justice" pursuant to Welfare and Institutions Code section 782, is not apparent on the face of the order. In any event, the appeal is not moot. (*In re Dana J.* (1972) 26 Cal.App.3d 768 [103 Cal.Rptr. 21]; *In re Richard D.* (1972) 23 Cal.App.3d 592 [100 Cal.Rptr. 351].)

The same error committed by the juvenile court regarding jurisdiction of the minor was committed in the dispositional phase of the case. However, the latter error has been rendered moot by the release of the minor from CYA and termination of jurisdiction over him. (*People* v. *Lindsey* (1971) 20 Cal.App.3d 742 [97 Cal.Rptr. 872].)

The order denying the application for rehearing is reversed and the court is directed to reconsider the application in accordance with the views herein expressed.

Draper, P. J., and Devine, J.,* concurred.

A petition for a rehearing was denied February 10, 1977.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.