[Crim. No. 29287. Second Dist., Div. One. Jan. 31, 1977.]

In re JAY J., A Person Coming Under the Juvenile Court Law.
KENNETH F. FARE, as Acting Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
JAY J., Defendant and Appellant.

## COUNSEL

Paul Halvonik, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, Laurance S. Smith and Edward H. Schulman, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Ronald N. Ito, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—This appeal from an order adjudicating Jay J. a ward of the juvenile court pursuant to Welfare and Institutions Code section

602 asserts that the California Juvenile Court Law which allows a juvenile a full trial before a judge as a matter of right only when the proceedings before a juvenile court referee are not reported and transcribed denies the juvenile due process and equal protection of the law in situations where credibility of witnesses is significant. We conclude that the fact finding process prescribed by the juvenile court law is consistent with standards of due process, and that compelling authority validates the constitutionality of the application of a different method of fact finding to juveniles and adults charged with criminal conduct. Accordingly, we affirm the order of adjudication.

A petition was filed with the juvenile court pursuant to Welfare and Institutions Code section 602 which asserted that Jay J. had discharged a firearm at an inhabited dwelling. The petition was heard by a referee with the proceedings reported and transcribed.

Evidence presented in support of the petition consisted primarily of eyewitness testimony. The testimony of the witnesses varied in some details and in some instances was at variance in specific items with prior statements of the particular witness. Jay's defense was alibi.

The referee found the allegations in the petition to be true. She recited in detail the reason for her findings. Pursuant to Welfare and Institutions Code section 558, Jay applied for a rehearing of the matter by a judge of the juvenile court. The application recites that witness credibility is the main issue, and that on the record as a whole the truth of the allegations in the petition was not established beyond a reasonable doubt. Acting under the authority granted by Welfare and Institutions Code section 558 where proceedings before the referee are reported and transcribed, a juvenile court judge denied the application for rehearing. Jay was placed on probation under the control of the probation officer, and allowed to remain in the home of his mother.

On this appeal from the adjudication, Jay contends that the denial of a de novo hearing before a juvenile court judge (1) deprived him of due process of law; and (2) denied him equal protection of the law. He argues that where witness credibility is significant to a juvenile court adjudication, due process and equal protection demand that a judge determine credibility from observation of live witnesses.

While no end of California cases have approved referee fact finding in juvenile court section 602 proceedings involving witness credibility (see,

?.g., *In re Edgar M.* (1975) 14 Cal.3d 727 [122 Cal.Rptr. 574, 537 P.2d 406]; *In re Damon C.* (1976) 16 Cal.3d 493 [128 Cal.Rptr. 172, 546 P.2d 676]), we have found no decision that has dealt directly with the issues raised in the case at bench. We, therefore, treat the matter as one of first impression.

The California scheme of fact finding in juvenile court proceedings does not violate the due process requirements. Procedural due process does not dictate a particular form of tribunal. Rather, the requirement is that of " 'A fair trial in a fair tribunal . . .' " (*Gordon* v. *Justice Court* (1974) 12 Cal.3d 323, 328 at fn. 5 [115 Cal.Rptr. 632, 525 P.2d 72], cert. den., 420 U.S. 938 [43 L.Ed.2d 415, 95 S.Ct. 1148], quoting *In re Murchison,* 349 U.S. 133, 136 [99 L.Ed. 942, 946, 75 S.Ct. 623]). There is no showing here that the process of fact finding in the juvenile court is other than fair or that the system of initial hearing before a referee with trial de novo before a judge as a matter of right only when there is no record of the proceedings before the referee is an unfair method of adjudication.

The person holding the title of judge is no more or less a human being than the person holding the position of a juvenile court referee. Since 1971, the qualifications for appointment of a juvenile court referee are essentially the same as those of a municipal court judge. (Welf. & Inst. Code, § 553.) The human being and not the title finds the facts. There is no basis for assuming that fact finding by one human being will be less fair than fact finding by another with equal qualifications simply because each bears a different title or holds a different office.

Thus, no fundamental unfairness is injected by the process in which a referee first finds facts based upon his view of live witnesses with review by the judge limited to an examination of the record of the proceedings before the referee. Whatever may be the influence of the referee's findings, they are made by a fact finder with qualifications the equal to those of a judge.

As the California scheme of fact finding in the juvenile court does not violate due process, it also does not deny equal protection of the law because it is different from the process employed in the adult criminal process. Fundamental distinctions between juvenile and adult courts validate the denial of a jury trial in juvenile proceedings. (*People* v. *Superior Court (Carl W.)* (1975) 15 Cal.3d 271, 274 [124 Cal.Rptr. 47, 539

P.2d 807].)[1] If equal protection does not dictate a jury trial to the juvenile, it certainly does not dictate that the same form of judicial officer preside over trials of juveniles and adults.

The judgment (order) is affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 31, 1977.

---

[1]Few adults convicted of shooting at an inhabited dwelling are placed on probation with mother.