[Civ. No. 17121. Fourth Dist., Div. Two. Apr. 14, 1977.]

In re GREGORY M., a Person Coming Under the Juvenile Court Law.
MARGARET C. GRIER, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
GREGORY M., Defendant and Appellant.

**COUNSEL**

Frank L. Williams, Jr., Public Defender, and Jack A. Fleischli, Deputy Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield and Bernard A. Delaney, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**McDANIEL, J.**—In a petition filed on December 29, 1975, it was alleged that Gregory M., a minor, had committed burglary as well as assault and battery (Pen. Code, §§ 459, 240, 242). A jurisdictional hearing was held on March 15, 1976, at which time the burglary allegation was found to be true beyond a reasonable doubt while the assault and battery charges were dismissed on the motion of the deputy district attorney.

Gregory's request for a rehearing was denied. A dispositional hearing was held on April 20, 1976. At that time the referee ordered Gregory to be released to his parents under the usual terms and conditions of probation, to participate in the community work program for 12 days, and to make restitution. Gregory appeals from the order of April 20 granting probation "and from the whole thereof."

FACTS

Gregory was charged with willfully and unlawfully entering a residence with the intent to commit theft therein. Because we have resolved this

matter on a procedural basis, a detailed recitation of the facts is not necessary.

## ISSUES ON APPEAL

Gregory raises four issues for our consideration. They are:

(1) the California Constitution and state statutes indicate that a rehearing before a superior court judge must be ordered;

(2) due process and equal protection require that a superior court judge, rather than a referee, initially preside at jurisdictional hearings;

(3) defendant was denied his constitutional rights to confrontation, due process and to produce evidence; and

(4) the judgment must be reversed because an independent review of the evidence raises a reasonable doubt as to defendant's guilt.

The Attorney General raises an additional issue: whether or not Gregory filed a timely notice of appeal and, if he did, the scope of review of that appeal. It is this latter issue which we turn to first.

### 1. *The Notice of Appeal and Scope of Review*

Plaintiff raises a two-pronged issue: whether Gregory filed a timely notice of appeal and, if so, the scope of our review.

■ Plaintiff is first concerned with the wording of the notice of appeal. That notice states that the minor appeals "from the order granting probation . . . entered in the said Superior Court on the 20th day of April, 1976 and from the whole thereof." Plaintiff asserts that our review is necessarily limited to alleged errors "related to the specified order." Because defendant presents no such contentions, plaintiff argues that we cannot consider Gregory's appeal. This argument is reinforced by the second prong of plaintiff's argument which is that the notice of appeal was not timely filed as to either the order resulting from the jurisdictional hearing or the order denying defendant's request for a rehearing. Citing rule 2, subdivision (a) of the California Rules of Court, plaintiff observes that ". . . to be effective, any appeal from either of those two orders must have been filed within sixty days following their entry . . . [Gregory's] notice of appeal, not filed until June 15, 1976, is clearly untimely as to the March 15 [jurisdictional hearing] order and

also untimely, by one day, as to the April 14 order [denying the rehearing request]." Plaintiff then informs us that because the filing of a notice of appeal goes to the jurisdiction of this court to hear a matter, we lack that authority in this case.

We do not agree with plaintiff's contentions. Welfare and Institutions Code section 800[1] provides in pertinent part as follows: "A judgment or decree of a juvenile court or final order of a referee which becomes effective without approval of a judge of the juvenile court assuming jurisdiction and declaring any person to be a person described in Section 600, 601, or 602, or on denying a motion made pursuant to Section 567 [motion to set aside or modify orders of a traffic hearing officer], may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment . . ." Assuming that the referee's order of March 15, 1976, which resulted from the jurisdictional hearing and which found defendant to be a person described by section 602, may be appealed from in the same manner as a final judgment, then any order issued subsequently may be appealed from as "an order after judgment." Therefore, the referee's order of April 20, 1976, in which he placed Gregory on probation, may be considered as an order after judgment and hence appealable. Because Gregory's notice of appeal from that order was filed within 60 days after the date the order was served, the appeal was timely. (Cal. Rules of Court, rule 2, subd. (a).)[2]

The next question which we must decide is the scope of our review in this appeal. That is, are we limited to reviewing errors which only relate to the April 20 dispositional order as plaintiff would have us believe, or may we also review alleged errors which may have occurred at the jurisdictional hearing and/or on the denial of Gregory's application for a rehearing.

We are of the opinion that we may review errors alleged to have occurred at the jurisdictional hearing and/or on the denial of the request

---

[1]Unless otherwise indicated, all statutory references are located in the Welfare and Institutions Code.

[2]By way of comparison, rule 1372, subdivision (e) of the California Rules of Court, effective July 1, 1977, specifically provides that a minor may be informed of his appellate rights after a dispositional order is made: "If the minor was found to be a person described by . . . section . . . 602 after a contested jurisdiction hearing, the court, after making its disposition order, shall advise the minor . . . of: [¶] (1) The right of the minor . . . to appeal from the court's judgment. . ."

for a rehearing and/or at the dispositional hearing. Rule 251 of the Rules of Court sets forth the time when a juvenile is to be informed of his right to appeal: "[i]n juvenile court proceedings in which the minor is found to be a person described by Section 600, 601, or 602 of the Welfare and Institutions Code after a contested issue of fact or law, the juvenile court judge or referee, after making his order at the conclusion of the *dispositional* hearing . . . shall advise . . . the minor . . . of any right to appeal from such order . . ." (Italics added.) The Rules of Court do not presently provide for informing the juvenile of his appellate rights after a jurisdictional hearing or on denial of his request for a rehearing.[3] Such an omission suggests that a juvenile's complaints regarding either hearing will not be heard by an appellate court or will be considered in the appeal from the dispositional order. The first alternative is tantamount to depriving the juvenile of his due process rights. That the second alternative is the better one is supported by the following analysis.

At the dispositional hearing the juvenile court determines what should happen to the juvenile who was found, in the jurisdictional hearing, to be a ward of the court. The dispositional hearing cannot be thought of in isolation from the other proceedings in the case because the disposition imposed is directly related to what the court found in the jurisdictional hearing. A comparison may be made to adult criminal proceedings where a sentence or an order granting probation may be deemed a final judgment (Pen. Code, § 1237) for the purpose of appeal and in which the defendant "may challenge on appeal all matters necessarily adjudicated in the proceedings culminating in the order granting probation as to which he has preserved the right to contest." (*People* v. *Flores,* 12 Cal.3d 85, 94 [115 Cal.Rptr. 225, 524 P.2d 353]; see also Pen. Code, § 1259.)

We conclude that we may consider errors alleged to have occurred at the jurisdictional or dispositional hearings, or on the denial of the request for review.[4] We now turn to the issues presented by Gregory.

---

[3]The amendments to the California Rules of Court, effective July 1, 1977, do provide for informing the juvenile of his appellate rights when "the judge of the juvenile court denies an application for rehearing directed in whole or in part to issues arising during a contested jurisdiction hearing . . ." (Rules of Court, rule 1319, subd. (f).)

[4]Our conclusion is further supported by the fact that Gregory's notice of appeal "speaks for itself" in that that document reveals the intended scope of appellate review: the notice provides that the appeal is "from the order granting probation . . . and from the whole thereof," inferring that it is an appeal from the "whole" or entire proceedings leading up to, and including, the dispositional hearing.

## The Request for a Rehearing

■ Gregory asserts that his request for a rehearing pursuant to section 252[5] was erroneously denied because the transcript reviewed by the judge in ruling on the request did not include defense counsel's argument. In support of his position he cites *In re Damon C.,* 16 Cal.3d 493 [128 . Cal.Rptr. 172, 546 P.2d 676], in which the defendant also claimed that the trial court, in ruling on his request for a rehearing, was insufficiently informed to reach an independent judgment. Damon had been found to be within the jurisdiction of the juvenile court for offenses unrelated to the proceedings then under consideration (§ 602). While on a one-day leave from the custody imposed pursuant to the earlier proceedings, he allegedly forced his way into a woman's car and ordered her to drive to a park where he raped her. A supplemental petition was filed in the juvenile court alleging that Damon had committed the additional offenses of kidnap and rape. He denied the allegations and a jurisdictional hearing followed before a referee. The referee found the allegations to be true and that Damon was subject to the jurisdiction of the court pursuant to section 602.

Damon's attorney filed a request for a rehearing but failed to state the reasons for the request as is required by section 252. Nevertheless, the judge ordered the preparation of the proceedings before the referee. All of the proceedings were transcribed with the exception of the arguments of counsel. The judge considered that part of the transcript which was available for his consideration, adopted the referee's findings and denied the request for a rehearing.

In discussing the issue of whether or not the trial judge had sufficient information before him to justify his adopting the referee's findings as

---

[5]In his brief, Gregory cites the applicable provision to be section 558. However, that section was recently repealed. (Stats. 1976, ch. 1068, § 17, p. 4781, No. 9, West's Cal. Legis. Service, p. 4486; No. 5, Deering's Adv. Legis. Service, p. 785.) The language found in former section 558 was then added to the Welfare and Institutions Code by means of section 252. (Stats. 1976, ch. 1068, § 4, p. 4751, No. 9, West's Cal. Legis. Service, p. 4463; Deering's Adv. Legis. Service, p. 743.) Hereinafter, this provision will be cited as section 252.

Section 252 provides in pertinent part as follows: "At any time prior to the expiration of 10 days after service of a written copy of the order and findings of a referee, a minor or his parent or guardian may apply to the juvenile court for a rehearing. Such application may be directed to all or to any specified part of the order or findings, and shall contain a statement of the. reasons such rehearing is requested. If all of the proceedings before the referee have been taken down by an official reporter, the judge of the juvenile court may, after reading the transcript of such proceedings, grant or deny such application. If proceedings before the referee have not been taken down by an official reporter, such application shall be granted as of right. . . ."

his own, the Supreme Court determined that he did not. " 'If the proceedings *have* been taken down by a reporter but the judge does not in fact read the transcripts and act on the application within the required period, the proceedings should be treated as a practical matter as if they had been unreported.' ([*In re Edgar M.*, 14 Cal.3d 727, 737 (122 Cal.Rptr. 574, 537 P.2d 406)]; italics in original.) Section 558 [now § 252] requires that when the proceedings are unreported an application for rehearing must be granted as a matter of right. As a portion of the reported proceedings had not been transcribed when the juvenile court denied the application for rehearing, such denial was error. [¶] The omitted transcript of the arguments of Damon's attorney are an integral part of Damon's right to be represented by counsel at a jurisdictional hearing. [Citations.] Final argument offers the minor's counsel '. . . an opportunity . . . to reconcile the testimony with the juvenile's innocence of the charges and attempt to persuade the court to that view.' [Citation.]" (*Id.,* at p. 497.)

Here the court reporter took down the entire jurisdictional hearing. However, as in *In re Damon C., supra,* counsel's closing arguments were not included in the transcript. We therefore find, as was found in *Damon C.,* that section 252 has been violated.

The Attorney General attempts to distinguish *Damon C.* from the present matter by noting that Gregory's request for a rehearing was supported by a statement of reasons. Therefore, the trial judge was "advised as to the specific reasons on which a rehearing was sought." Thus, the argument continues, had a transcript of the argument been provided, it "would have contributed nothing at all to the judicial resolution of the particular reasons set forth by [Gregory] in his rehearing application." We are not persuaded by this logic.

The fact that here, unlike in *Damon C.,* Gregory's attorney supported the request for rehearing with reasons is immaterial. Counsel's closing arguments oftentimes emphasize the facts of the case while a statement of reasons, more often than not, will be concerned with *legal* reasoning applied to the facts of the case. Moreover, the *Damon C.* court cited the *omission* of the reasons as making the availability of the entire transcript even *"more* important" (16 Cal.3d at p. 497; italics added); one cannot read into the court's declaration the new requirement that, on a petition for rehearing, either the transcript of closing arguments *or* a statement of reasons for the request will be accepted. Rather, the tenor of the Supreme Court's opinion was that the trial judge must have before him a transcript of the *entire* proceedings when considering a petition for

rehearing in a juvenile matter: "[w]e are of the view that the proper procedure on application for rehearing pursuant to section 558 [now § 252] requires the preparation of transcripts of *all* proceedings had before the referee, *including transcripts of counsel's arguments,* except when waived by the applicant." (*In re Damon C., supra,* 16 Cal.3d 493, 498; italics added.) Therefore, the question before us very simply becomes whether or not such a transcript was provided. Here, as in *Damon C.,* it was not. Therefore, section 252, which requires the review of the *entire* transcript, was violated.

Because the trial court denied defendant's request for a rehearing and therefore did not consider defendant's contentions on their merits, and because of our determination that that order should be reversed and a rehearing held, we need not reach defendant's other contentions which were also raised in his statement of reasons accompanying his request for rehearing. (See *In re Damon C., supra,* 16 Cal.3d 493, 495, wherein the Supreme Court, in making a similar order declined to consider additional issues raised by the defendant.) However, we feel compelled to dispose of one issue raised in defendant's appeal and not specifically set forth in his statement of reasons for a rehearing. That issue is whether due process and equal protection require that a superior court judge, rather than a referee, preside at a jurisdictional hearing.

### A Superior Court Judge v. A Referee

■ Gregory asserts that the due process and equal protection guarantees found in both the California and United States Constitutions require, in cases in which the defendant's "liberty is at stake and the evidence [is] in conflict," that "the ultimate trier of fact (the judge, not the referee) must hear the evidence personally."

Gregory begins his argument on this issue by citing early (circa 1700-1800) English authority for the well known proposition that the best way for a trier of fact to consider a witness' testimony is to actually observe that person's demeanor. After questioning whether a judge receiving a referee's findings actually exercises his independent judgment in the matter, Gregory compares the plight of the juvenile accused of committing a crime with that of the adult accused of violating the law. In the latter case, the adult is tried by a duly authorized judge. Gregory asserts that there is little, if anything, to distinguish the trial of a juvenile from that of an adult, and that there is no rational reason to justify holding a juvenile jurisdictional hearing before someone other than a bona fide judge. We are not persuaded by these assertions.

In *In re R. C.,* 39 Cal.App.3d 887, 897 [114 Cal.Rptr. 735], the court declared that the "purposes and structure of the juvenile system are different from the adult criminal justice system. Hence when due process has been satisfied reasonable differences in procedure are not unconstitutional." A juvenile's due process rights are protected when the jurisdictional hearing is conducted by a referee. As our Supreme Court observed in *In re Edgar M., supra,* 14 Cal.3d 727, 735, while section 554 (now § 248) directs referees to hear cases with the same powers as a juvenile court judge, the referee's findings and orders are subject to review by a judge. Without such protection, a referee's adjudicating a contested juvenile matter without the parties' consent would doubtless violate the state constitutional limitations on his position (art. VI, § 22). (*Id.*) The implication to be drawn from the *Edgar* court's observations is that a referee's initially presiding at a juvenile jurisdictional hearing does not violate the juvenile's due process rights as long as there is a procedure available for a bona fide judge to review the referee's determinations. (See also *In re Bradley,* 258 Cal.App.2d 253, 259 [65 Cal.Rptr. 570].) Because such a procedure exists here, we do not find that Gregory's due process rights have been violated.

Nor do we find any equal protection problem raised by a referee having the authority to initially hear a juvenile case. It has been determined that equal protection does not require the use of juries in juvenile proceedings. (*In re R. C., supra,* 39 Cal.App.3d 887, 896.) "It is not unreasonable to suppose that a judge conducting a juvenile hearing is less likely than a jury would be, to accept accomplice testimony uncritically." (*Id.,* at p. 895.) It is also not unreasonable to suppose that a duly appointed referee conducting a juvenile hearing is less likely than a jury to accept accomplice testimony uncritically.[6] We therefore find this contention of defendant to lack merit.

The order denying the application for rehearing is reversed and the court is directed to enter an order granting the application.

Morris, J., concurred.

---

[6]By way of comparison, we note that Division One of the Second District Court of Appeal recently concluded that the California scheme of referee fact finding in section 602 proceedings does not violate a juvenile's due process or equal protection rights. (*In re Jay J.,* 66 Cal.App.3d 631 [136 Cal.Rptr. 125].) The court observed, "[t]here is no showing . . . that the process of fact finding in the juvenile court is other than fair or that the system of initial hearing before a referee with trial de novo before a judge as a matter of right only when there is no record of the proceedings before the referee is an unfair method of adjudication." (*Id.,* at p. 634.)

**GARDNER, P. J.**—I concur.

Were I one step higher in the judicial pecking order I would take issue with *Damon C.* However, any comments of mine in this respect would be a complete waste of time. Therefore, under the compulsion of *Damon C.*, I concur.