[Crim. No. 32432. Second Dist., Div. One. Oct. 4, 1978.]

In re FERDINAND R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
FERDINAND R., Defendant and Appellant.

**COUNSEL**

Anthony James Imada, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Roy C. Preminger, and Susan L. Frierson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THOMPSON, J.**—This appeal involves the narrow issue of the legal effect of an application for rehearing of a juvenile court referee's order filed before the referee's hearing. Based upon our analysis of Welfare and Institutions Code section 252 and rule 1319, California Rules of Court,

implementing the statute, we conclude that such a premature application has no legal effect. Accordingly, we affirm a challenged disposition order of the juvenile court although it was entered after a juvenile court judge without the benefit of a transcript denied the premature application for rehearing of the proceedings before the referee leading to the order.

Two separate petitions were filed pursuant to Welfare and Institutions Code section 602 asserting the jurisdiction of the juvenile court over Ferdinand R. The petitions allege offenses ranging from robbery to assault with intent to commit murder. After a hearing concluded on January 18, 1978, a juvenile court referee found that Ferdinand was a person described in Welfare and Institutions Code section 602, sustained both petitions, and set a disposition hearing in the two matters for February 3.

On January 30, four days before the scheduled disposition hearing, Ferdinand R. filed an application for rehearing pursuant to Welfare and Institutions Code section 252. The application seeks a rehearing of the proceedings leading to the order sustaining the petition and also a rehearing of the disposition hearing to be conducted in the future. The reasons for rehearing stated in the application are limited to perceived defects in the jurisdictional hearing.

The disposition hearing was held as scheduled on February 3. Ferdinand R. was declared a ward of the juvenile court and committed to the Youth Authority. Immediately after announcing his decision, the referee advised Ferdinand of his right to a rehearing before a juvenile court judge and informed him that the application for rehearing must be in writing and made within 10 days from the time that Ferdinand received a written copy of the findings and order of the referee. Ferdinand's trial counsel replied that he had explained the rehearing right to his client. Ferdinand responded personally that he had already applied for a rehearing. Before the referee could explore Ferdinand's comment, Ferdinand launched into an attack upon the commitment order. The referee declined to engage in discussion of the order with Ferdinand stating: "I have explained to you your rights. You are represented by a very experienced and capable counsel who will discuss that in detail with you." No further application for rehearing from the disposition order was made.

Time for decision having been extended pursuant to Welfare and Institutions Code section 252, the juvenile court judge denied the

application for rehearing on March 6. At the time of the order denying rehearing, the judge had read and considered a transcript of the jurisdiction hearing but a transcript of the disposition hearing had not yet been prepared.

■ In this appeal, Ferdinand contends that the juvenile court judge's denial of rehearing of the disposition proceeding before the referee violates the rule of *In re Edgar M.* (1975) 14 Cal.3d 727, 736 [122 Cal.Rptr. 574, 537 P.2d 406], and *In re Damon C.* (1976) 16 Cal.3d 493, 496-497 [128 Cal.Rptr. 172, 546 P.2d 676], which provides that a juvenile court judge may not deny an application for rehearing of a referee's order without reading a complete transcript of the proceedings before the referee.

Ferdinand R. correctly recites the rule of *Edgar M.* and *Damon C.* The validity of his contention on appeal depends upon the legal effect, if any, of his application for rehearing of a proceeding that had not yet occurred. Section 252 is jurisdictional so that a judge's denial of rehearing on an untimely application is of no consequence. (*In re Dennis B.* (1976) 18 Cal.3d 687, 690-691 [135 Cal.Rptr. 82, 557 P.2d 514].)

Section 252 of the Welfare and Institutions Code states in pertinent part: "At any time prior to the expiration of 10 days after service of a written copy of the order and findings of a referee, a minor . . . may apply to the juvenile court for a rehearing. Such application . . . shall contain a statement of the reasons such rehearing is requested." Rule 1319, California Rules of Court, parallels the statutory language and provides in subdivision (a) that the reasons stated in the application must be "factual or legal." The requirement of a statement of reasons contained in the statute and rule of court is mandatory; the juvenile court judge may refuse to accept the application if it fails to include the statement. (See *In re Damon C., supra,* 16 Cal.3d 493, 498.)

We must construe Welfare and Institutions Code section 252 and rule 1319 to give effect to all of their terms where such a construction is possible within reason. (*Stanley* v. *Justice Court* (1976) 55 Cal.App.3d 244, 249 [127 Cal.Rptr. 532].) So construed, the statute and rule permit the filing of an application for rehearing only after the hearing before the referee to which the application is directed. Otherwise, the requirement of a statement of legal and factual reasons for the application is rendered meaningless. Except for a general objection to hearing before a referee, an objection which is foreclosed by the statutory scheme, or an objection

to a particular referee, one which is separately provided for in Welfare and Institutions Code section 247.5, no reasons for rehearing exist, and hence none can be stated, until there is a hearing.

We therefore conclude that an application for rehearing of a juvenile court referee's determination can be made no earlier than the time that the order to which it is directed is made. Ferdinand R.'s application is hence premature and of no legal effect. There being no legally cognizable application for rehearing of the disposition in the case at bench and there being no other challenge to the order on this appeal, the order must be affirmed.

The judgment (order) of the juvenile court is affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.