182 Cal.App.3d 47 (1986)
227 Cal. Rptr. 41
In re CHRISTINA H., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, Plaintiff and Respondent,
v.
DENNIS H., Defendant and Appellant.
Docket No. B014342.
Court of Appeals of California, Second District, Division Four.
June 6, 1986.
*48 COUNSEL
William C. Spater, under appointment by the Court of Appeal, for Defendant and Appellant.
De Witt W. Clinton, County Counsel, Joe Ben Hudgens, Senior Deputy County Counsel, and Sterling R. Honea, Deputy County Counsel, for Plaintiff and Respondent.
OPINION
KINGSLEY, Acting P.J.
In a dependency action, the father appeals an order terminating his joint custody of his daughter. We reverse.

*49 FACTS
Immediately following an acrimonious divorce proceeding, the mother of the minor herein moved to terminate the joint custody that the appellant, her recently divorced husband, had been awarded over their four-year-old daughter, Christina. The mother alleged that the father had sexually molested Christina and a petition was filed under Welfare and Institutions Code, section 300, subdivisions (a) and (d), to declare the daughter a dependent child. After hearing the evidence, which consisted almost entirely of the testimony of Christina, the juvenile court sustained the petition, terminating the father's joint custody and denying him visitation rights until he participated in counseling. The father appeals, contending chiefly that he was denied effective assistance of counsel.

I
The threshold issue to be addressed here is whether a parent is entitled to effective assistance of counsel at a dependency hearing. The respondent, the Los Angeles County Department of Public Social Services, cites In re Michael S. (1981) 127 Cal. App.3d 348, 364 [179 Cal. Rptr. 546], an opinion by Division One of this district for the proposition that a parent is not. That opinion reasoned that dependency cases are civil in nature, that there is no right to competent counsel in a civil case and that, therefore, there is no right to effective assistance of counsel in a dependency hearing. While admirably succinct, this holding greatly oversimplifies the issues involved.
Unlike the average civil case, where a party without the resources or acumen to obtain legal representation has no recourse but to confront the judicial system alone, in many dependency matters one has a constitutional right to an attorney. Writing in Cleaver v. Wilcox (9th Cir.1974) 499 F.2d 940, 945, the Ninth Circuit concluded that "due process requires the state to appoint counsel whenever an indigent parent, unable to present his or her case properly, faces a substantial possibility of the loss of custody or of prolonged separation from a child [footnote omitted]." Acting on this ruling, in 1977 California Rules of Court, rules 1334(c) and 1363(c) were enacted. These rules provide that in a dependency hearing under Welfare and Institutions Code section 300, "Counsel shall be appointed for any parent or guardian unable to afford counsel whenever it appears that person is unable to adequately present the case and faces a substantial possibility of loss of custody or of prolonged separation from the minor." (1) Clearly, therefore, in many cases an indigent parent possesses both a statutory and constitutional right to appointed counsel.
But does this right to appointed counsel also require that counsel act competently once appointed? Numerous cases have held that it does. While *50 no case has addressed this issue in the context of a dependency hearing under section 300 of the Welfare and Institutions Code, several have discussed it in regard to the analogous proceeding to terminate parental control under Civil Code section 232. In one such matter, In re Christina P. (1985) 175 Cal. App.3d 115, 129 [220 Cal. Rptr. 525], the court noted: "When an indigent is entitled to counsel on due process grounds the entitlement must extend to effective assistance of counsel or it will be a hollow right." (Italics in original.) This concern is echoed in two other section 232 cases, In re David C. (1984) 152 Cal. App.3d 1189, 1206 [200 Cal. Rptr. 115], and In re R.S. (1985) 167 Cal. App.3d 946, 968-969 [213 Cal. Rptr. 690]: "Certainly, as counsel was appointed for the indigent parents in the instant case, the parents had a right to have effective assistance of counsel." In contrast to the holding in In re Michael S., supra, 127 Cal. App.3d 348, it would appear indisputable then that even though dependency is a civil matter, indigent parents, at least, have the right to effective assistance of counsel where such counsel is appointed.
The crux of the issue in this matter, however, is whether the right to effective assistance of counsel attaches where counsel is privately retained  rather than being appointed  as was the case here. We can find no reason why it should not. Indigency by itself does not operate to increase a person's constitutional rights. If indigent parents are entitled to effective assistance of counsel, we can see no grounds for holding that financially better-off parents are not. While it is true that such persons have the power to choose their own attorneys, and to dismiss them when they wish, it is a truism that no one chooses an attorney because he is incompetent. Ineffective assistance of counsel is not something one hires an attorney for. It is not a choice that the client gets to make. (2) Consequently, we conclude that where a due process right to an attorney attaches because of the inability of the parents to present the case themselves and because of the substantial likelihood that the parents may lose custody of the minor, the parents are entitled to effective assistance of counsel even if the counsel is privately retained. Such was the case here and we hold that appellant can present a claim of error for ineffective assistance of counsel.

II
Respondent has not disputed that appellant's counsel was ineffective in this case and it would be difficult for it to do so. Through a series of almost farcical mischances, appellant's counsel not only failed to obtain the records of the court-appointed psychiatrist who examined the family or to question her personally, but was also unable to produce her own psychiatric witness at the hearing. At two critical stages in the otherwise minimal proceedings, appellant was represented not by his own attorney but by other members of *51 her law firm who were simply filling in and who admitted that they were unfamiliar with the case. Both the direct examination and cross-examination by appellant's counsel were cursory in the extreme. In sum, the assistance provided by appellant's counsel was almost nonexistent. Under the circumstances, we cannot say that appellant was afforded effective assistance of counsel.
The order sustaining the petition is reversed.
McClosky, J., and Recana, J.,[*] concurred.
Respondent's petition for review by the Supreme Court was denied September 18, 1986.
NOTES
[*] Assigned by the Chairperson of the Judicial Council.