[No. B006341. Second Dist., Div. Five. Apr. 19, 1988.]

In re DAWN L. et al., Persons Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN'S SERVICES, Plaintiff and Respondent, v.
DOLPHIN L., Defendant and Appellant.

COUNSEL

Richard B. Lombardi, under appointment by the Court of Appeal, for Defendant and Appellant.

De Witt W. Clinton, County Counsel, and Ronald J. Selgrath for Plaintiff and Respondent.

OPINION

ASHBY, Acting P. J.—

### STATEMENT OF THE CASE

On August 4, 1982, minors Nyota L., age five and Dawn L., age five months, were taken into police custody. Thereafter, respondent Los Angeles County Department of Public Social Services filed a petition pursuant to former Welfare and Institutions Code section 300, asking that the children be adjudged dependents of the court. The social worker's report filed on October 15, 1982, contained allegations that the father of the children, Dolphin L. (appellant), had been in a violent altercation with their mother resulting in the mother's hospitalization, that prior to that time one of the children had been hospitalized with an unexplained fracture of the arm, that there was an ongoing family dispute between the parents, that both parents had been accused of welfare fraud, that the mother was an alcoholic who had no permanent residence, that appellant had served two years in prison on a rape charge, and that appellant was named as a suspect on an assault with a deadly weapon report.

In 1982, the minors were declared dependents of the juvenile court, and suitably placed with their maternal grandmother in Louisiana. In 1983, appellant filed a petition for modification pursuant to Welfare and Institutions Code section 388 in which he sought to have the children returned to California and returned to his custody. Referee Robert McHahon determined that the best way to protect the rights of the parties and the interests of the children would be to resolve the matter in Louisiana. This resolution would avoid a potential concurrent jurisdiction problem. The matter was already set for calendar on February 13, 1984. Referee McHahon held that all prior orders of visitation were to remain in full force and effect, dismissed the 388 petition without prejudice, ordered that the juvenile court's jurisdiction was to terminate, but stayed the termination of California's jurisdiction until February 13, 1984, in order to allow appellant an opportunity to pursue the custody battle in Louisiana.

On February 13, 1984, Judge Kakita denied appellant's request for a rehearing because the rehearing motion was not timely filed (Welf. & Inst. Code, § 252) and terminated the juvenile court's jurisdiction over the children. Appellant appeals from "the orders of the Hon. Edward Y. Kakita, denying [appellant's] motion for a rehearing and terminating juvenile court jurisdiction." We affirm.

## DISCUSSION

Appellant contends that there was reversible error because he was denied effective counsel when his attorney failed to timely file the request for a rehearing. This contention is not persuasive.

The California courts are divided as to whether the criminal concept of ineffective counsel (*People* v. *Pope* (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1]; *Strickland* v. *Washington* (1984) 466 U.S. 668 [80 L.Ed.2d 674, 104 S.Ct. 2052]) is applicable in juvenile dependency matters. (Compare *In re Ammanda G.* (1986) 186 Cal.App.3d 1075 [231 Cal.Rptr. 372] [ineffective counsel concept not applicable in dependency hearings pursuant to Welf. & Inst. Code, § 300 because they are civil in nature and do not terminate a parent's rights] with *In re Christina H.* (1986) 182 Cal.App.3d 47 [227 Cal.Rptr. 41] [parents possess both a statutory and constitutional right to effective counsel in dependency hearings]; see also *In re Michael S.* (1981) 127 Cal.App.3d 348 [179 Cal.Rptr. 546]; *In re Kristin B.* (1986) 187 Cal.App.3d 596 [232 Cal.Rptr. 36].) ■ However, even if it is appropriate to evaluate the effectiveness of counsel in proceedings dealing with parental rights, appellant cannot succeed with an ineffective counsel claim unless he shows that it is reasonably probable a determination more favorable to him would have resulted in the absence of counsel's

failing. (*In re Rico W.* (1986) 179 Cal.App.3d 1169, 1178 [225 Cal.Rptr. 472]; cf. *People* v. *Fosselman* (1983) 33 Cal.3d 572 [189 Cal.Rptr. 855, 659 P.2d 1144]; *People* v. *Pope, supra,* 23 Cal.3d 412.) This he has failed to do.

Referee McHahon's determination that jurisdiction should be terminated was reviewable by a judge. (*In re Randy R.* (1977) 67 Cal.App.3d 41, 43 [136 Cal.Rptr. 419]; Welf. & Inst. Code, § 252.) However, had appellant's counsel timely filed the motion for reconsideration, there is no evidence that a judge's determination would have been different than that of Referee McHahon.

The judgment is affirmed.

Boren, J., and Hastings, J.,* concurred.

---

* Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.