Filed 3/15/23  P. v. Eskridge CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. GREGORY ESKRIDGE, Defendant and Appellant. | B320037 (Los Angeles County Super. Ct. No. NA024604) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Reversed with directions.

Robert H. Derham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

Gregory Eskridge appeals the trial court's 2022 denial of his request for a hearing to make a record of youth-related factors relevant to his parole suitability pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).  The People agree that if this court construes Eskridge's notice of appeal to encompass his *Franklin* request, Eskridge is entitled to a limited remand under *Franklin*.  We construe the appeal as including the trial court's denial of the *Franklin* hearing request and remand to the trial court for a hearing regarding youth-related factors.

## PROCEDURAL HISTORY

In 1996, Eskridge was convicted of second degree murder (Pen. Code,[1] § 187), attempted murder with premeditation and deliberation (§§ 187 & 664), and assault with a firearm (§ 245, subd. (a)(2)).  As to each count, the jury found that Eskridge personally used a firearm in the commission of the crime. (§ 12022.5, subd. (a).)  The trial court found true the allegation that Eskridge had been convicted of a prior strike under the three strikes law.  (§§ 667, subds. (b)–(i) & 1170.12, subds. (a)–(d).)  The court sentenced Eskridge to a term of 58 years to life.  It is uncontested that Eskridge was 20 years old at the time the offenses were committed.

In 2019, Eskridge filed a petition for vacatur of his murder conviction under Senate Bill No. 1437 (Senate Bill 1437) and

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

former section 1170.95[2] (now § 1172.6) and a motion for a hearing pursuant to sections 3051 et seq. and 4801, subdivision (c) (the *Franklin* motion).

The trial court considered and denied the section 1170.95 petition and the *Franklin* motion at the same hearing on April 21, 2022. The court denied the *Franklin* motion on the basis that Eskridge was sentenced pursuant to the three strikes law and therefore ineligible.

Eskridge timely appealed on April 25, 2022. The notice of appeal indicates that the date of the order from which appeal was sought was April 21, 2022. With respect to the nature of the proceeding, the notice of appeal indicates that it is not an appeal following a jury or court trial or a contested probation violation hearing, but "[o]ther," specifically, "Denial of motion under 1170.95."

## DISCUSSION

### *Franklin Hearings*

Section 3051, subdivision (b), requires the Board of Parole Hearings (Board) to conduct a "youth offender parole hearing" during the 15th, 20th, or 25th year of a defendant's incarceration if the defendant was 25 years old or younger at the time of the offense. Section 3051, subdivision (h), excludes several categories of juvenile offenders from eligibility for a youth offender parole hearing, including defendants who are sentenced under the three

---

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

strikes law.  Section 4801, subdivision (c) "requires the Board not just to consider but to 'give great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law.' " (*Franklin, supra,* 63 Cal.4th at p. 277.)

In *Franklin,* our Supreme Court held "sections 3051 and 4801 contemplated 'that information regarding the juvenile offender's characteristics and circumstances at the time of the offense will be available at a youth offender parole hearing to facilitate' consideration by the Board . . . .  [Citation.]  Because assembling such information was 'typically a task more easily done at or near the time of the juvenile's offense' [citation], [the Supreme Court] remanded the case to the trial court to give Franklin a chance to 'put on the record the kinds of information that sections 3051 and 4801 deem relevant at a youth offender parole hearing' [citation].  [The Supreme Court] authorized the trial court to receive 'any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at [Franklin's] eventual youth offender parole hearing.' " (*In re Cook* (2019) 7 Cal.5th 439, 446.)  In *Cook,* the Supreme Court held that the opportunity to present evidence relevant to an eventual youth offender parole hearing was available to all eligible youthful offenders regardless of whether their convictions were final.  (*Id.* at p. 450.)  Most recently, in *People v. Delgado* (2022) 78 Cal.App.5th 95, 102 to 104, the Fourth Appellate District, Division Three, held that a youthful offender sentenced under the three strikes law who was ineligible for a youthful offender parole hearing was nonetheless entitled to a *Franklin* hearing.  *Delgado* reasoned that although section 3051 excluded

4

defendants sentenced under the three strikes law, section 4801, subdivision (c) applied to all parole hearings and also required consideration of youth-related factors. (*Id*. at pp. 103–104.)

### *Scope of Eskridge's Notice of Appeal*

The People concede, and we agree, that if properly raised before this court, Eskridge is entitled to a limited remand to make a record of youth-related factors relevant to his eventual parole hearing. The People challenge this court's jurisdiction to consider Eskridge's *Franklin* contention because Eskridge did not reference that portion of the judgment in the notice of appeal. The People cite to a civil case, *Unilogic, Inc. v. Burroughs Corp*. (1992) 10 Cal.App.4th 612, 625, for the proposition that "It is elementary that an appeal from a portion of a judgment brings up for review only that portion designated in the notice of appeal."

Under the circumstances, we find *Unilogic* inapplicable. California Rules of Court, rule 8.304(a)(4) provides that with respect to criminal appeals: "The notice of appeal must be liberally construed. [With exceptions not relevant here], the notice is sufficient if it identifies the particular judgment or order being appealed." "No statute or rule purports to restrict criminal appeals to issues stated in the notice of appeal. The rules do not suggest the notice of appeal is to operate as a statement of claims, or that it must include all contentions that may be raised in the briefs." (*People v. Jones* (1995) 10 Cal.4th 1102, 1109, disapproved of on another ground in *In re Chavez* (2003) 30 Cal.4th 643, 656.) A liberal construction of the notice of appeal implements "the strong public policy favoring the hearing

5

of appeals on the merits." (*Norco Delivery Service, Inc. v. Owens-Corning Fiberglas, Inc*. (1998) 64 Cal.App.4th 955, 960.)

We conclude that Eskridge's notice of appeal was sufficient—he correctly specified the date of the hearing on which his *Franklin* motion was denied.  The common understanding at the time the court made its ruling on April 21, 2022, was that *Franklin* did not extend to defendants who were sentenced pursuant to the three strikes law.  *Franklin* had only been applied to defendants who were not excluded from eligibility for youth offender parole hearings under section 3051.  *People v. Delgado, supra*, 78 Cal.App.5th 95, which held as a matter of first impression that defendants who had been sentenced under the three strikes law were entitled to a *Franklin* hearing, was not issued until April 29, 2022, after the trial court denied Eskridge's *Franklin* request and after Eskridge filed his notice of appeal.  Only two issues were decided in the April 21, 2022 hearing—that Eskridge was prima facie ineligible for section 1170.95 relief and ineligible for a *Franklin* hearing.  Both were decided in a cursory fashion.  It was not burdensome for the People to parse the issues the trial court decided, nor were the People unfairly surprised that Eskridge challenged the denial of the *Franklin* hearing in light of the recent significant developments in the law.  To construe the notice of appeal as the People urge would deprive Eskridge of an important opportunity that could impact his liberty on the basis of a technicality.  (*People v. Robinson* (1954) 43 Cal.2d 143, 145 [construing notice of appeal liberally to "permit a hearing on the merits and avoid a dismissal because of some technical defect or irregularity"]; accord, *People v. Maggart* (1961) 194 Cal.App.2d 84, 87, fn. 1; see *In re Gregory M.* (1977) 68 Cal.App.3d 1085, 1089–1090 [addressing issues respecting

jurisdictional hearing on appeal although notice of appeal specified appeal was from order granting probation].)

We reverse the trial court's denial of Eskridge's motion for a *Franklin* hearing and remand the matter for further proceedings.

## DISPOSITION

The order denying Eskridge's motion for a *Franklin* hearing is reversed and the matter is remanded for the trial court to hold a hearing at which Eskridge may present evidence of youth-related factors relevant to his eventual parole hearing.

NOT TO BE PUBLISHED.

MOOR, J.

We concur:

RUBIN, P. J.

KIM, J.